UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | |
|---|---|
| **CERKEZI ENTERPRISES L.L.C.,** § <br> d/b/a Euro Car Tech, and **ELIO CERKEZI** § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> **CITY OF ARLINGTON, Rick Ripley,** § <br> **Abelardo Gomez III, Zac Scott** § <br> *Defendants*. § | **Case 4:23-cv-00991-P** |

## EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR PRELIMINARY INJUNCTION

Plaintiff incorporates their Original Complaint (Doc. 1-1) by reference filed September 28, 2023. Plaintiff asks this Court to grant the Temporary Restraining Order (Doc. 1-3) and then set a hearing for and issue a preliminary injunction, as supported by argument and evidence included in the Original Complaint, pursuant to Federal Rules of Civil Procedure, Rule 65 and Local Rule 7.1.

The Certificate of Conference so required is in the Original Complaint and repeated post-signature. A proposed TRO is affixed to the Original Complaint as an exhibit.

Respectfully submitted,

Norred Law, PLLC
By: /s/ *Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094
warren@norredlaw.com
515 E. Border St., Arlington, Texas 76010
P. 817-704-3984; *Attorney for Plaintiff*

Certificate of Service – I certify that on Friday, September 29, 2023, I filed this Motion with the Clerk of the Court through the ECF system, which will send notification of such filing to Assistant City Attorney of Arlington, Galen Gatten by email.

s/Warren V. Norred
Warren V. Norred

**FED. RULE 65 AND LOCAL RULE 7.1 CERTIFCATE of CONFERENCE**

    A draft of this pleading was sent to opposing counsel on September 26, 2023. I visited with Galen Gatten, Assistant City Attorney, and his team on the morning of September 27, 2023, after they had reviewed this complaint. We discussed the matter and Mr. Gatten could not agree to abate enforcement efforts regarding the zoning of the Property that is subject of this suit.

    Without the Court's protection, the City of Arlington has shown it will continue acting as though an unelected bureaucrat has the power to unilaterally target a business and simply pronounce it "unconforming" without giving notification of the impending change and make such changes without an opportunity to petition the government and defend against such change.

    In this case, Plaintiff Cerkezi also requested (through the undersigned) that the Arlington Municipal Court abate prosecution of Cerkezi's 16 citations while this suit was filed, or at least keep the citations together while this case proceeds. The City has indicated that it will not abate action on these citations. The City's municipal court has indicated that it will not consider abating without payment of bonds. As Arlington's code enforcement and the Arlington municipal court has determined to go forward with its persecution of Plaintiffs, the matter, it is presented to the Court for determination of a temporary restraining order, followed by a preliminary injunction.

    Plaintiffs assert that $100 is a reasonable bond in this case, as the City is not imperiled with any economic loss should Plaintiff fail. As it stands, the City will lose funding in the form of tax dollars and economic activity if it is successful in shutting down Plaintiff Cerkezi's business.

    If the Court choses not to issue a TRO, Plaintiffs request a hearing on the matter as soon as possible on the requested preliminary injunction.

    I swear under penalty of perjury that this Certificate of Conference is true and correct, and based on my personal knowledge, made September 27, 2023.

                                                      s/Warren V. Norred
                                                      Warren V. Norred